IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR GREEN | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | C.A. NO. 3:21-cv-1462 |
| | § | |
| BRITT JOHNSON, FLORILLI | § | |
| TRANSPORTATION, LLC. | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, **FLORILLI TRANSPORTATION, LLC ,** and hereby gives notice of its removal of Cause No. DC-21-06090; filed in the 14TH Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas pursuant to the provisions of 28 U.S.C. §§ 1441(a) and 1446.

### Factual Background

1. On or about December 7, 2019, Plaintiff claims he was injured when his vehicle was struck by a Florilli Transportation, LLC tractor and trailer, driven by Britt Johnson, in Dallas County, Texas. Plaintiff filed suit in state court.

2. Plaintiff filed suit in state court on May 12, 2021. Service of Citation and Petition on Florilli Transportation, LLC was accomplished via Waiver of Service on June 18, 2021. In Plaintiff's Petition there is a monetary claim for damages over $250,000 and less than $1,000,000.00, which exceeds the jurisdictional minimum. The case has been on file for less than one year. Removal is both timely and appropriate.

## Basis for Removal and Jurisdiction

3. This cause may be removed pursuant to 28 U.S.C. § 1441(a). "[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . , to the district court of the United States for the district and division embracing the place where such action is pending." This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy is greater than $75,000.00.

## Full Diversity Between the Parties

### *Complete Diversity of Citizenship*

4. To have diversity of citizenship, each plaintiff must have a different citizenship from each defendant. 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties as the Plaintiff is a Texas citizen and none of the Defendants are Texas citizens or corporations

5. Plaintiff, Arthur Green, is a citizen of the State of Texas.

6. Based on the allegations in Plaintiff's Original Petition, Defendant, Britt Johnson, is a resident and citizen of the State of Georgia.

7. Defendant, Florilli Transportation, LLC is a foreign corporation with its principal place of business in Iowa.

### *Amount in Controversy*

8. In order for diversity jurisdiction to exist, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).

9. In papers filed in State court, Plaintiff alleges damages being sought are over $250,000 and less than $1,000,000.00.

### Removal is Timely and Appropriate

10. A defendant has 30 days to remove a civil action after receipt of the first pleading or other paper that establishes the jurisdictional grounds. 28 U.S.C. § 1446(b). When diversity is the basis for removal, the defendant can rely on the plaintiff's voluntary assertion of damages within the complaint to meet the monetary jurisdictional requirement for diversity. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Here, Plaintiff's Pleading voluntarily asserts an amount in controversy over $250,000 and less $1,000,000.00. That pleading also shows that the parties are diverse. This removal is filed within the thirty (30) days of the service of Plaintiff's Petition. The removal is both timely and appropriate.

### Jury Demanded

11. Defendant requests that the case be tried before a jury.

### Consent of Served Defendants

12. All Defendants who have been properly joined and served consent to the removal of this action.

### Compliance with Local Rule and Notice Requirements

13. Pursuant to 28 U.S.C. § 1446 and Local Rule 81, the following documents are attached to this Notice:

| | |
|---|---|
| Exhibit A | Plaintiff's Original Petition |
| Exhibit B | Citations |
| Exhibit C | Defendant, Florilli Transportation, LLC's Original Answer |
| Exhibit D | Civil Docket Sheet |

Defendant knows of no orders signed by the state judge.

14. Pursuant to 28 U.S.C. 1446(d), written notice of the filing of this instrument will be given to Plaintiff. A true and correct copy of this Notice of Removal will also be attached as an exhibit with the written Notice of Filing Notice of Removal filed with the clerk of the state court.

Respectfully submitted,

_____
Ryan T. Hand
Attorney-in-Charge
SBN: 24012777
2900 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 868-5560
Facsimile: (713) 864-4671
Email: rth@lorancethompson.com
**ATTORNEY FOR DEFENDANT,
FLORILLI TRANSPORTATION, LLC**

**OF COUNSEL:**

**LORANCE THOMPSON, P.C.**
Campbell T. Roper
SBN: 24116991
Email: ctr@lorancethompson.com

636982.1 PLD 0002921 21741 RTH

**CERTIFICATE OF SERVICE**

      On this 21st day of June, 2021, a true and correct copy of the foregoing instrument was served electronically, in person, by mail, by commercial delivery service, by fax, or by email, to the following counsel of record:

James W. Mills, III
Kristofor Heald
**THE HEALD LAW FIRM, PLLC**
12222 Merit Drive, Suite 1200
Dallas, Texas 75251
Email: Jim.mills@healdlawfirm.com
Email: Kris.heald@healdlawfirm.com

                                                _____
                                                Ryan T. Hand