# EXHIBIT A

FILED
5/12/2021 12:32 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Paula Mountique DEPUTY

CAUSE NO. **DC-21-06090** _____

| | | |
|---|---|---|
| **ARTHUR GREEN** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **BRITT JOHNSON, FLORILLI** | § | |
| **TRANSPORTATION, LLC** | § | |
| | § | |
| | § | **14th** |
| **Defendant.** | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Arthur Green files Plaintiff's Original Petition complaining of Defendants Britt Johnson and Florilli Transportation, LLC.

### I. DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II. RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000. The amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III. PARTIES

Plaintiff Arthur Green is an individual resident of Plano, Collin County, Texas. His driver's license number is *****745.

Defendant Britt Johnson is an individual resident of Dublin, Lauren County, Georgia and may be served with process at 1507 Stonewall Street, Dublin, GA 31021 or wherever he may be found.

Defendant Florilli Transportation, LLC. is a foreign corporation doing business in the State of Texas and may be served with process through its registered agent for service Rex Evilsizor located at 7001 Grapevine Highway #331, North Richland Hills, Texas 76180.

## IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court.

This Court has venue over the parties to this action since the incident complained of herein occurred in Dallas County, Texas. Venue therefore is proper in Dallas County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

This lawsuit arises out of a motor vehicle collision that occurred on or about Thursday, December 7, 2019 at or near Hwy 635 and Preston Road within the city limits of Dallas, Dallas County, Texas.  Plaintiff Arthur Green was headed east on Hwy 635 near the Preston Road exit. Defendant driver Britt Johnson was also headed east in lane next to Plaintiff.  Plaintiff came to complete stop due to slowing traffic.  Defendant Britt Johnson was also forced to come to a stop and came into Plaintiff's lane striking Plaintiff's vehicle.  As a result, Plaintiff was injured and continue to suffer injuries and damages from this incident.

## VI.  CAUSES OF ACTION

### A.        NEGLIGENCE – DEFENDANT BRITT JOHNSON

At the time of the motor vehicle collision, Defendant Britt Johnson was operating his vehicle negligently. Specifically, Defendant had a duty to exercise ordinary care and operate his

vehicle reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

1. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

2. Defendant failed to control his speed;

3. Defendant failed to drive in a single lane of traffic;

4. Defendant failed to take proper evasive action to avoid the collision; and,

5. Defendant failed to timely apply the brakes in order to avoid the collision in question.

**B.     NEGLIGENT ENTRUSTMENT – DEFENDANT FLORILLI TRANSPORTATION, LLC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant Florilli Transportation, LLC was the owner of the vehicle driven by Defendant Britt Johnson.  Defendant Florilli Transportation, LLC entrusted the vehicle to Defendant Britt Johnson.  Defendant Britt Johnson was incompetent, and/or reckless and Defendant Florilli Transportation, LLC knew or should have known that Defendant Britt Johnson was incompetent, and/or reckless.  Defendant Britt Johnson's negligence on the occasion in question proximately caused the collision.

**C.     RESPONDEAT SUPERIOR – DEFENDANT FLORILLI TRANSPORTATION, LLC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Britt Johnson was in the course and scope of his employment with Defendant Florilli Transportation, LLC thereby making Defendant Florilli Transportation, LLC liable under the doctrine of *Respondeat Superior*.

D.      **NEGLIGENCE – DEFENDANT FLORILLI TRANSPORTATION, LLC.**

Defendant Florilli Transportation LLC failed to properly train and/or supervise Defendant Britt Johnson in order to prevent such an incident.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendant's negligence, Plaintiff Arthur Green suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.      Medical expenses in the past and future;

b.      Physical pain and suffering in the past and future;

c.      Mental anguish in the past and future;

d.      Physical impairment in the past and future, and;

e.      Loss of earning capacity.

## VIII.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## IX.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## X.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XI.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to

appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against

Defendant for:

1.     Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiffs;

2.     Plaintiff's future medical expenses;

3.     Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

4.     Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

5.     Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

6.     Plaintiff's loss of earning capacity:

7.     Interest on the judgment at the legal rate from the date of judgment;

8.     Pre-judgment interest on Plaintiff's damages as allowed by law;

9.     All costs of court; and

10.    Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HEALD LAW FIRM, PLLC**

BY: /s/ *James W. Mills III*
     **JAMES W. MILLS III**
     State Bar No.14163700
     Jim.mills@healdlawfirm.com
     **KRISTOFOR HEALD**
     State Bar No. 24058770
     kris.heald@healdlawfirm.com
     12222 Merit Drive, Suite 1200
     Dallas, TX 75251
     469/598-1900
     469/598-1910

     **ATTORNEYS FOR PLAINTIFF**